## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

CAPRICOR THERAPEUTICS, INC.,  )
            )  Case No.
    Plaintiff,     )
            )
  v.         )
            )
NS PHARMA, INC., and    )
NIPPON SHINYAKU CO., LTD.,  )
            )
    Defendants.   )
_____)

### DEFENDANTS' NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendants Nippon Shinyaku Co., Ltd. ("Nippon Shinyaku") and NS Pharma, Inc. ("NS Pharma" and, together with Nippon Shinyaku, "Distributor" or "Defendants") hereby remove the State Court action described below to this Court pursuant to 28 U.S.C. §§ 1441(a) and (c) and 1446 because the claim arises under the U.S. federal law and a treaty, 28 U.S.C. § 1331, 9 U.S.C. §§ 201, 202, 203 and 205, and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958.[1]

## I. BACKGROUND

1. On May 7, 2026, Plaintiff Capricor Therapeutics, Inc. ("Capricor") filed a complaint captioned *Capricor Therapeutics, Inc. v. NS Pharma, Inc., and Nippon Shinyaku Co., Ltd.*, No. BER-C-000117-26 in the Superior Court of New Jersey, Chancery Division: Bergen County (Ex. 1 hereto). Also on May 7, 2026, Capricor filed a motion for preliminary injunction.

---

[1] Pursuant to L. Civ. R. 10.1(a), Plaintiff Capricor Therapeutics, Inc. is a Delaware corporation, with its principal place of business at 10865 Road to the Cure, Suite 150, San Diego, California 92121. Defendant NS Pharma is a Delaware corporation, with its principal place of business at 140 East Ridgewood Avenue, Suite 280S, Borough of Paramus, New Jersey 07652. Defendant Nippon Shinyaku is a Japanese corporation with its principal place of business at 14, Nishinosho-Monguchi-cho, Kisshoin, Minami-ku, Kyoto 601-8550.

Although Defendants cite to the complaint's allegations below, Defendants do not agree that Capricor is entitled to any relief, do not waive any available defenses, and do not admit any allegations in Capricor's state court complaint.

2.      Plaintiff's complaint alleges that it developed Deramiocel, a cell therapy designed to slow the progression of Duchenne muscular dystrophy ("DMD"). *See* Compl. ¶¶ 1-2, 5. Plaintiff has filed a Biologics License Application ("BLA") for Deramiocel, which is currently under review by the FDA with a target action date of August 22, 2026. *Id.* ¶ 6. Deramiocel is thus not currently approved for sale in the United States.

3.      In January 2022, Capricor entered into a Distribution Agreement with Nippon Shinyaku, granting it and its U.S. subsidiary NS Pharma the exclusive right to distribute Deramiocel in the United States through 2038. *Id.* ¶ 8 (Ex. 2 hereto).

4.      Pursuant to Article 18 of the Distribution Agreement, "[a]ny dispute arising out of or relating to" the Distribution Agreement must be resolved through arbitration. *Id.* ¶ 30; Distribution Agreement §§ 18.1, 18.3.

5.      The arbitration clause provides that:

> "any matter submitted to arbitration pursuant to any provision contained in this Agreement or any dispute arising out of or relating to this Agreement or its breach, termination or validity, including whether the claims asserted are arbitrable . . . shall be settled by binding arbitration under the Rules of Arbitration of the International Chamber of Commerce.

Distribution Agreement § 18.3.1(a).

6.      In the underlying lawsuit, Capricor alleges that it may rescind the Distribution Agreement based on an allegedly mutual (or unilateral) "mistake": that the parties believed that pricing under the Distribution Agreement would be profitable, but Capricor now believes it will not be. Compl. ¶ 9. Capricor further alleges that Defendants did not fulfil pre-product launch

requirements under the Distribution Agreement. Compl. ¶ 66. These allegations are false and Defendants deny them and deny that Capricor is entitled to any relief in the lawsuit.

## II.     <u>JURISDICTION AND VENUE</u>

7.     Plaintiff Capricor is a Delaware corporation, with its principal place of business in San Diego, California. Compl. ¶ 23.

8.     Defendant Nippon Shinyaku is a Japanese corporation with its principal place of business in Kyoto, Japan. Nippon Shinyaku is the parent company of NS Pharma and party to the Distribution Agreement. Compl. ¶ 25.

9.     Defendant NS Pharma is a Delaware corporation, with its principal place of business in Bergen County, New Jersey. Compl. ¶¶ 24, 27.

10.     This Court has jurisdiction over this lawsuit under 9 U.S.C. § 203[2] and 28 U.S.C. § 1331 because "[a]n action or proceeding falling under the [Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention")] shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States (including the courts enumerated in section 460 of title 28) shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy." 9 U.S.C. § 203.

11.     Under 9 U.S.C. § 205, "[w]here the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division

---

[2] 9 U.S.C. §§ 201-08 comprise Chapter 2 of the Federal Arbitration Act. Chapter 2 pertains to the jurisdictional and enforcement aspects of an arbitration agreement which contains a foreign component.

embracing the place where the action or proceeding is pending." 9 U.S.C. § 205; *see also* 28 U.S.C. §§ 1441(a) and (c).

12.     Pursuant to 9 U.S.C. § 202, "[a]n arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title [9 U.S.C. § 2], falls under the Convention. An agreement or award arising out of such a relationship which is entirely between citizens of the United States shall be deemed not to fall under the Convention unless that relationship involves property located abroad, envisages performance or enforcement abroad, or has some other reasonable relation with one or more foreign states. For the purpose of this section a corporation is a citizen of the United States if it is incorporated or has its principal place of business in the United States." 9 U.S.C. § 202; *Beiser v. Weyler*, 284 F.3d 665, 666 n.2 (5th Cir. 2002).

13.     Removal to this Court is proper under 9 U.S.C. § 205 and 28 U.S.C. § 1441(a) because this district and division embrace the place where the removed action has been pending. However, Defendants will show that transfer to the United States District Court for the Southern District of New York is warranted because Plaintiff agreed that the place of arbitration would be the Southern District of New York and Defendants have duly filed an arbitration there.

### III.     GROUNDS FOR REMOVAL

14.     Removal under § 205 is "easy" and intended to be a "low bar." *Amato v. KPMG LLP*, 433 F. Supp. 2d 460, 477 (M.D. Pa. 2006), *order vacated in part on reconsideration on other grounds*, No. 06-CV-39, 2006 WL 2376245 (M.D. Pa. Aug. 14, 2006) (quoting *Beiser*, 284 F.3d at 674); *see also McDermott Int'l, Inc. v. Lloyds Underwriters of London*, 944 F.2d 1199, 1209 (5th Cir. 1991) ("Congress made it easy for defendants in state-filed Convention cases to

remove to federal court"). "[A]bsent the rare frivolous petition for removal, as long as the defendant claims in its petition that an arbitration clause provides a defense, the district court will have jurisdiction to decide the merits of that claim." *Beiser*, 284 F.3d at 671-72.

15.    For a party to satisfy the "easy" removal standards under § 205, two factors must be met: (1) there must be an agreement with an arbitration clause that, as defined by § 202, "fall[s] under" the Convention by having a nexus to commerce and a sufficient international component; and (2) the subject matter of the lawsuit must "relate[] to" that agreement. *See Beiser*, 284 F.3d at 666, 671 n.7. In this case, the Distribution Agreement meets both factors.

### A.    The Distribution Agreement's Arbitration Clause Falls Under the Convention.

16.    "Involving commerce," as used in 9 U.S.C. § 202, reflects "Congress' intent to exercise its Commerce Clause powers to the full[est]," and thus must be construed especially broadly. *Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 273-74 (1995); *see Crawford v. W. Jersey Health Sys.*, 847 F. Supp. 1232, 1240 (D.N.J. 1994) (for a contract to fall within the scope of the Convention, "the contract need have only the slightest nexus with interstate commerce") (quotations and citations omitted).

17.    The Distribution Agreement involves commerce. Here, the Distribution Agreement granted Defendants the exclusive right to distribute Deramiocel throughout the United States. Compl. ¶ 8. Pursuant to this Agreement, Capricor would sell Deramiocel to Defendants, and Defendants would distribute Deramiocel and provide Capricor with a percentage of profits. Compl. ¶ 51. Defendants also had to pay Capricor an initial payment and after product development milestones. Distribution Agreement § 3.

18.    The Distribution Agreement falls under the Convention because Nippon Shinyaku is a Japanese corporation and entered into the Distribution Agreement, which contains an

arbitration provision. *See* Distribution Agreement § 18; 9 U.S.C. § 202. The presence of a US

defendant in this case, NS Pharma, does not remove this case from the Convention's scope.

*Trump Taj Mahal Assocs. v. Costruzioni Aeronautiche Giovanni Agusta, S.p.A.*, 761 F. Supp.

1143, 1146 (D.N.J. 1991) (denying motion to remand under 28 U.S.C. § 1441(d)[3] where only

one defendant was a foreign entity and other defendant was non-diverse), *aff'd*, 958 F.2d 365 (3d

Cir. 1992). Furthermore, NS Pharma has the right to arbitrate Plaintiff's claims against NS

Pharma under the arbitration agreement in the Distribution Agreement. *See* Distribution

Agreement § 18.3.

**B.    The Subject Matter of the Lawsuit Relates to the Distribution Agreement.**

19.    It is equally clear that the subject matter of the lawsuit "relates to" the

Distribution Agreement, within the meaning of 9 U.S.C. § 205. As the United States Court of

Appeals for the Fifth Circuit has explained,

> Whenever an arbitration agreement falling under the Convention could
> *conceivably* affect the outcome of the plaintiff's case, the agreement "relates to" to
> the plaintiff's suit. Thus, the district court will have jurisdiction under § 205 over
> just about any suit in which a defendant contends that an arbitration clause falling
> under the Convention provides a defense. As long as the defendant's assertion is
> not completely absurd or impossible, it is at least conceivable that the arbitration
> clause will impact the disposition of the case. That is all that is required to meet
> the low bar of "relates to."

*Beiser*, 284 F.3d at 669; *see also Amato*, 433 F. Supp. 2d at 481.

20.    Relying on *Beiser*, the court in *Amato* held the plaintiffs' claims related to the

arbitration agreement at issue. The court stated that because the contract containing the

arbitration clause "enabled [p]laintiffs to implement the strategy at the crux of the complaint, we

find it to be not just 'conceivable,' but in fact likely that the arbitration clause will impact the

---

[3] The Third Circuit has looked to the removal provision of the Foreign Sovereign Immunities Act as "instructive" in interpreting 9 U.S.C. § 205 because both statutes share "strong similarities." *Suter v. Munich Reinsurance Co.*, 223 F.3d 150, 158 (3d Cir. 2000).

outcome of the case." *Amato*, 433 F. Supp. 2d at 481. Thus, the court concluded the "'easy' removal standard under 9 U.S.C. § 205" was satisfied and denied plaintiffs' motion to remand. *Id.*

21.     The same is true here. The parties' arbitration agreement is broad in scope. It covers "any dispute arising out of or relating to [the Distribution Agreement] or its breach, termination or validity, including whether the claims asserted are arbitrable." Distribution Agreement § 18.3.1(a).[4] Capricor's claims against both Defendants fall within this scope. Capricor claims, among other things, that Defendants breached the Distribution Agreement and Capricor is entitled to recission of the Distribution Agreement based on mistakes as to the profitability of its pricing structure. Compl. ¶¶ 97-131.

22.     It is apparent that Capricor's claims relate to the Distribution Agreement under the easy standard of § 205. As such, the court has original jurisdiction over Capricor's claims in this action, and removal is proper under § 205. *See* 9 U.S.C. §§ 202, 203, 205; 28 U.S.C. § 1331; and 28 U.S.C. §§ 1441(a) and (c).

23.     All pleadings, process, orders and other filings in the state court are attached to this notice as required by 28 U.S.C. § 1446(a).

---

[4]   As numerous courts have recognized, arbitration clauses that include terms like "arise out of" or "relate to" are "capable of an expansive reach." *American Recovery Corp. v. Computerized Thermal Imaging, Inc.*, 96 F.3d 88, 93 (4th Cir. 1996); *see Long v. Silver*, 248 F.3d 309, 316-17 (4th Cir. 2001) (construing "arising out of or in connection with" and "any dispute arising out of or relating to" as being extremely broad); *see also Brayman Constr. Corp. v. Home Ins. Co.*, 319 F.3d 622, 625 (3d Cir. 2003). Such broad language "overwhelmingly suggests that a given dispute is arbitrable." *Medtronic AVE Inc. v. Cordis Corp.*, 100 F. App'x 865, 868 (3d Cir. 2004) (citing *Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Int'l, Inc.*, 1 F.3d 639, 642 (7th Cir. 1993) (an arbitration clause containing the phrase "arising out of the agreement" covers "any dispute between the contracting parties that is in any way connected with their contract")).

24.　Defendants will file a copy of this notice of removal with the clerk of the county court where the action is pending.

25.　Defendants will give counsel for Capricor written notice of the removal of this action.

Dated: May 20, 2026　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　*/s/ Vishal Gupta*

　　　　　　　　　　　　　　　　　　　　　Vishal Gupta (033522006)
　　　　　　　　　　　　　　　　　　　　　vgupta@steptoe.com
　　　　　　　　　　　　　　　　　　　　　Nathaniel J. Kritzer (*Pro hac vice forthcoming*)
　　　　　　　　　　　　　　　　　　　　　nkritzer@steptoe.com
　　　　　　　　　　　　　　　　　　　　　Chris Paparella (*Pro hac vice forthcoming*)
　　　　　　　　　　　　　　　　　　　　　cpaparella@steptoe.com

　　　　　　　　　　　　　　　　　　　　　STEPTOE LLP
　　　　　　　　　　　　　　　　　　　　　1114 Avenue of the Americas
　　　　　　　　　　　　　　　　　　　　　New York, NY 10036
　　　　　　　　　　　　　　　　　　　　　Telephone: (212) 506-3900
　　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 506-3950

　　　　　　　　　　　　　　　　　　　　　*Attorneys for Defendants*
　　　　　　　　　　　　　　　　　　　　　*NS Pharma, Inc. and*
　　　　　　　　　　　　　　　　　　　　　*Nippon Shinyaku, Co., Ltd*