Vishal Gupta
212 506 3933
vgupta@steptoe.com

1114 Avenue of the Americas
New York, NY 10036
212 506 3900 main
www.steptoe.com

**Steptoe**

May 21, 2026

**VIA ECF**
Honorable Julien X. Neals
United States District Judge
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

Re:  *Capricor Therapeutics, Inc. v. NS Pharma, Inc.*
      C.A. No.: 2:26-cv-05788

Dear Judge Neals:

       We represent Defendants NS Pharma, Inc. and Nippon Shinyaku Co., Ltd. in the above-referenced action, which Defendants removed to this Court from the Bergen County Superior Court on May 20.[1] ECF No. 1. Pursuant to Rules I.C and V.B of Your Honor's Rules and Procedures, we write to urgently request an extension of an unduly short deadline ordered below to oppose a voluminous motion for a preliminary injunction, which includes six fact declarations and an expert declaration and currently calls for an opposition on May 26 (the day after Memorial Day).

       Pursuant to Rule V.B, Defendants state as follows: (1) the date sought to be extended is the May 26, 2026 opposition deadline for Plaintiff's motion for a preliminary injunction set by the State Court; (2) there has been no prior request to extend this deadline; (3) an extension is warranted because, as set forth in more detail below, the motion is voluminous, includes expert opinion, and will require substantial time and effort to oppose that the current schedule does not allow; and (4) Defendants have asked Plaintiff to consent to an extension by email in the afternoon of May 20, 2026. Plaintiff has not consented to an extension and has not provided any reasons for withholding its consent, except to state that it wanted more time to consider it.

       Defendants request that the Court address this extension request as soon as reasonably possible given the fast-approaching deadline and the upcoming holiday weekend.

---

[1] The basis for removal is 9 U.S.C. § 205, which creates federal subject-matter jurisdiction over Plaintiff's claims because it agreed to resolve them by international arbitration.

Hon. Julien X. Neals, U.S.D.J.
May 21, 2026
Page 2 of 4

**Steptoe**

**Procedural Background**

Plaintiff filed its Superior Court action on May 7, 2026, ECF No. 1-1 at 2, simultaneously moving for a preliminary injunction, ECF No. 1-3 at 2. The Superior Court *sua sponte* ordered Defendants to submit their opposition to the preliminary injunction on May 26. *Id.* at 228. Undersigned counsel was recently retained by Defendants to represent them in this matter.

Plaintiff's motion papers are voluminous – over 300 pages. Plaintiff submitted certifications from seven different witnesses, including its CEO, an expert witness, two clinicians, and three individuals affected by Duchenne. ECF No. 1-3 at 11. Plaintiff's expert alone refers to over 90 documents. *Id.* at 81-88.

**Background**

Plaintiff's lawsuit arises from a distribution agreement (the "Distribution Agreement") under which Plaintiff granted Nippon Shinyaku the exclusive U.S. rights to distribute a drug called Deramiocel, a cell-based treatment designed to treat Duchenne muscular dystrophy. Defendants have paid Plaintiff approximately $50 million to date under the Distribution Agreement and have made extensive and costly efforts to prepare for distribution.

Defendants cannot market or distribute Deramiocel unless and until the FDA approves it. The FDA is currently scheduled to reach a determination on August 22, 2026, and there is, of course, no guarantee of FDA approval. As noted above, Plaintiff agreed in the Distribution Agreement to resolve disputes arising out of or related to the Agreement through international arbitration.

Against this background, Plaintiff filed the this action and sought a preliminary injunction. Rather than seeking to maintain the status quo, Plaintiff's requested "injunction" would preemptively terminate the Distribution Agreement before a final decision on the merits. As grounds for this request, Plaintiff falsely alleges that Defendants failed to prepare to distribute Deramiocel and repudiated the Distribution Agreement. Defendants will show that, in addition to their failure to demonstrate any risk of immediate, irreparable harm, Plaintiff's allegations are meritless and merely a pretext for Plaintiff to escape the Distribution Agreement and distribute Deramiocel itself. Defendants have honored and will continue to honor the Distribution Agreement. Among other things, Defendants have taken robust measures, which meet and exceed anything the Distribution Agreement requires, to prepare to distribute Deramiocel if the FDA approves it.

**Good Cause Exists For the Requested Extension**

Good cause exists to extend Defendants' time to respond to the motion. An extension is necessary to ensure a full record and a fair opportunity for Defendants to prepare opposition papers. Counsel was retained only recently and must perform significant work to respond to the motion. That work will require reviewing extensive materials, retaining expert witnesses, preparing fact and expert declarations, and drafting an opposition. Plaintiff will not be prejudiced

Hon. Julien X. Neals, U.S.D.J.
May 21, 2026
Page 3 of 4

Steptoe

by an extension. Deramiocel will not be approved for at least three months and Defendants have performed and will continue to perform their contract obligations. Defendants respectfully request that Your Honor grant the requested extension.

Respectfully submitted,

**STEPTOE LLP**

*/s/ Vishal Gupta*
Vishal Gupta

cc: All Counsel of Record (via ECF)

Hon. Julien X. Neals, U.S.D.J.
May 21, 2026
Page 4 of 4

Steptoe

SO ORDERED:

_____
HON. JULIEN X. NEALS, U.S.D.J.