# Skadden, Arps, Slate, Meagher & Flom LLP

### 525 UNIVERSITY AVENUE
### PALO ALTO, CALIFORNIA 94301

————

TEL: (650) 470-4500
FAX: (650) 470-4570

www.skadden.com

FIRM/AFFILIATE
OFFICES
----------
BOSTON
HOUSTON
LOS ANGELES
NEW YORK
CHICAGO
WASHINGTON, D.C.
WILMINGTON
----------
ABU DHABI
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MUNICH
PARIS
SÃO PAULO
SEOUL
SINGAPORE
TOKYO
TORONTO

DIRECT DIAL
1.650.470.3180
MOBILE
1.408.712.8778
EMAIL ADDRESS
QUYEN.TA@SKADDEN.COM

May 22, 2026

**VIA ECF**

Honorable Julien X. Neals
United States District Judge
United States District Court, District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07102

> Re:    *Capricor Therapeutics, Inc. v. NS Pharma, Inc., et al.*,
> Civil Action No. 2:26-cv-05788 (JXN) (AME)

Dear Judge Neals:

**Summary and Capricor's Request**

We represent Plaintiff Capricor Therapeutics, Inc. ("Capricor") and write in response to Defendants' *unilateral* May 21 letter motion (ECF No. 6) to this Court seeking to extend the May 26 deadline to oppose Capricor's preliminary injunction motion set by the state Court. Subsequent to receiving a copy of that letter from Defendants, we promptly sought to meet and confer and to reach consensus in order to obviate the need for Court intervention.  While counsel for the parties met and conferred, we were unfortunately unable to reach consensus.

Capricor agrees to extend the May 26 deadline to **June 5** to oppose Capricor's motion—affording Defendants **twenty-eight days to respond to a motion seeking urgent relief, which was filed by Capricor on May 7.** Capricor would be able to respond to Defendants by **June 15.** Capricor further respectfully requests that the Court decide, before Monday, June 22, 2026, whether it has subject matter jurisdiction over this action and, if so, whether to grant Capricor's preliminary injunction motion.

Hon. Julien X. Neals, U.S.D.J.
May 22, 2026
Page 2

Capricor writes to explain the urgency of its preliminary injunction motion, which, before removal, was scheduled to be heard on June 3, 2026 in the New Jersey Superior Court (Bergen County), and to address Defendants' broader effort to prevent the Superior Court from reaching the merits at all. Understanding the urgency involved, which we explain further below, the Superior Court acted swiftly giving Defendants two weeks to respond and agreeing to hear the Motion approximately four weeks later.

Section 18.3.3 of the parties' Distribution Agreement expressly preserves each party's right to "**resort[] to judicial process if injunctive or other equitable relief from a court is necessary to prevent serious and irreparable injury to one Party or to others.**"

Notwithstanding that contractual carve-out, Defendants have signaled an intention to divest this Court, just as they seek to divest the New Jersey Superior Court, of the authority to decide Capricor's motion for injunctive relief.

Capricor is available for a scheduling conference at the Court's convenience.

**This Action Concerns a Therapy for a Fatal Childhood Disease and a Flawed Contract That Will Prevent Its Distribution**

Capricor developed Deramiocel, a first-in-class cell therapy for Duchenne muscular dystrophy ("DMD")—a fatal genetic disorder that progressively destroys the cardiac and skeletal muscles of approximately 15,000 boys and young men in the United States. (Verified Compl. ¶ 2.)  The FDA has set a target approval date of August 22, 2026 for Capricor's application for marketing approval for Deramiocel.

Capricor and Defendants signed an Exclusive Distribution Agreement (the "Agreement") under which Defendants could distribute Deramiocel. Neither party recognized at signing that the Agreement was fatally flawed: as written, it will prevent Deramiocel from reaching the DMD patients who need it. That is what Capricor alleges in its Verified Complaint, and it is what Defendants' President publicly acknowledged one week ago.[1]

---

[1] *See* Exhibit 1, Machine Translation of May 15, 2026 Earnings Conference Call for Defendant Nippon Shinyaku ("**Q:** Confirming my understanding: the issue is that Capricor's transfer price to NS Pharma becomes the ASP benchmark — effectively setting the market price at the wholesale level — making it impossible to sell at an intended commercial price. Is that right? Nakai (A): Yes, that is correct"); *see also id.* ("**Q:** Even if the injunction is denied, the underlying

2

Hon. Julien X. Neals, U.S.D.J.
May 22, 2026
Page 3

Because the Agreement was flawed, Capricor's preliminary injunction motion seeks equitable relief that will allow it to commercialize Deramiocel. As mentioned above, the parties' Agreement expressly preserves the right to pursue such equitable relief in court. (Distribution Agreement § 18.3.3.)

The Superior Court of New Jersey (Chancery Division, Bergen County) recognized this urgency when it set Defendants' deadline to oppose the preliminary injunction motion for May 26 and set the preliminary injunction hearing for June 3, 2026. Every week the motion remains undecided risks irreversible cardiac and skeletal muscle deterioration in patients who have no equally effective alternative to Deramiocel.

This Court should likewise act promptly to (1) confirm whether it has subject matter jurisdiction over the motion, and (2) if it does not remand, decide the motion on the merits.

**Defendants Request an Extension to June 15, 2026.**

Capricor filed its complaint and motion for a preliminary injunction in New Jersey Superior court on May 7, 2026. Within sixteen hours, Defendants were issuing press releases about the lawsuit.[2] Defendants did not, however, contact Capricor's counsel until 4:50 p.m. EST on May 20, 2026, almost two weeks later, when an email from Defendants' counsel simultaneously notified Capricor that the case had been removed and requested an extension of the May 26 opposition deadline to June 15, 2026. That email sought a response from Capricor's counsel by the end of the day – allowing Capricor's counsel just three hours to respond.

Capricor's counsel requested a videoconference meet-and-confer, which took place fewer than twenty-four hours later. During that conference, Capricor consented to an extension to June 8, 2026. In agreeing to the extension, Capricor underscored the urgency of the relief sought. As set forth in its preliminary injunction motion, delay imposes irreversible harm not only on Capricor, but also on the DMD patients whose access to Deramiocel is at stake.

---

contract pricing problem remains. So commercial launch without contract modification still seems unworkable — correct? **Nakai (A):** Yes, that is correct. Some modification is necessary."). Capricor is seeking to further authenticate this transcript and obtain a certified translation thereof for your Honor's review.

[2] *See* Press Release, Nippon Shinyaku Co., Ltd., Announcement of a Lawsuit Filed Against Nippon Shinyaku (May 8, 2026), *https://www.nippon-shinyaku.co.jp/english/news/news.php?id=3696.*

Hon. Julien X. Neals, U.S.D.J.
May 22, 2026
Page 4

During this videoconference, the parties also exchanged two important pieces of information:

(1) Capricor and/or its counsel are unavailable between June 23 and July 11, 2026, and (2) Defendants disclosed that they intended to move to compel arbitration and to oppose Capricor's Preliminary Injunction Motion.

**Defendants' Request for an Extension.**

After receiving Capricor's June 8 offer, Defendants went silent for three hours. They then emailed Capricor at 8:36 pm EST to insist on an extension to June 25, 2026—falling squarely within the period they had just been told Capricor was unavailable. Defendants have since characterized this as a "30-day extension" of the May 26 opposition deadline, attributing the original June 15 request to an "inadvertent mix up with dates."

Defendants also said that in fewer than twelve hours, they would "indicate that [Capricor] oppose[s]" the request for an extension unless they heard back by 8:00 A.M. EST.

Capricor's counsel then sought further clarification at 12:05 am EST, questioning why Counsel sought an extension until June 15, but then later seeking for an extension until June 25.  Capricor's counsel noted that "we…hope this is not an attempt to delay or to gain tactical advantage given what is at stake with the DMD community."

Defendants' request for a 30-day extension to oppose a preliminary injunction motion seeking time-sensitive relief is not only facially unreasonable, it is tactical. Defendants do not need a full month to file a thorough opposition on the merits, particularly given that the pricing concerns at the heart of this dispute have, on Defendants' own account, been known to them for over fifteen months. Rather, they appear to be doing all they can to ensure that a Court never reaches the merits at all.

Defendants are indeed worried (as they should be) that a Court will rescind the Distribution Agreement it has executed with Capricor because the parties entered into it by mutual mistake. There is no dispute between the parties that the material pricing terms ensure that both parties will lose money performing under it such that DMD patients will never receive access to Deramiocel. *See* fn 1.

On the meet-and-confer, Defendants stated that they will move to compel arbitration, and their Notice of Removal indicates that they intend to seek transfer to the Southern District of New York. (Notice of Removal ¶ 13.) This Court would thus be the <u>second</u> tribunal from which Defendants have sought to remove this motion.

4

Hon. Julien X. Neals, U.S.D.J.
May 22, 2026
Page 5

Through removal, transfer, and a motion to compel arbitration, Defendants' plan is to delay. They appear to seek to shuttle this motion from court to court (or to an Arbitral Tribunal), resetting the clock each time, so that Capricor's preliminary injunction motion remains undecided until any ruling would come too late for the thousands of DMD patients whose lives are at stake.

Defendants have suggested they are "happy to consider any reasonable proposal" regarding Capricor's reply date in light of counsel's June 23–July 11 unavailability. Capricor made a reasonable proposal, giving Defendants nearly a month from the filing of the lawsuit to respond.

**Delay Is the Relief Defendants Are Actually Seeking.**

Defendants' approach (including a purported intention to file motions to compel arbitration and to transfer the case) is seeking only to delay this action. This approach finds no support in the law or in the parties' Agreement. As noted above, Section 18.3.3 expressly provides that **"[n]othing . . . shall prevent either Party from resorting to judicial process if injunctive or other equitable relief from a court is necessary to prevent serious and irreparable injury to one Party or to others."**

This is precisely such a case: Capricor seeks only injunctive relief to prevent serious and irreparable injury to itself and to DMD patients. Defendants' forthcoming motion to compel arbitration is therefore without merit. The timing of the parties' awareness of the pricing issue is beside the point: with a target approval date of August 22, 2026, this dispute is an emergency.

In sum, Capricor respectfully requests that the Court:

(i)     confirm that it has subject matter jurisdiction over this action and that it can and will hear Capricor's motion for a preliminary injunction; and

(ii)    extend Defendants' opposition deadline to June 5, 2026—affording Defendants twenty-eight days from the date they were on public notice of the action (Capricor would be able to respond by June 15).

If the Court does not find that it has subject matter jurisdiction over this action and that, as a result, it cannot decide Capricor's motion for a preliminary injunction, Capricor respectfully requests that the Court remand this case so that the motion for a preliminary injunction can promptly be heard in state court, where it was initially filed.

5

Hon. Julien X. Neals, U.S.D.J.
May 22, 2026
Page 6


Capricor is available at the Court's convenience for a scheduling conference on short notice.

We thank the Court in advance for its attention to this matter.

Respectfully submitted,

*/s/ Quyen L. Ta*
Quyen L. Ta


cc:    All Counsel of Record (via ECF)

6