## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CAPRICOR THERAPEUTICS, INC., <br><br>       Plaintiff, <br><br>   v. <br><br> NS PHARMA, INC. and NIPPON SHINYAKU CO., LTD., <br><br>       Defendants. | Civil Action No. 2:26-cv-05788 <br><br> ORAL ARGUMENT REQUESTED <br><br> **MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. § 1404(a)** <br><br> (Document Filed Electronically) |

## DEFENDANTS' BRIEF IN SUPPORT OF MOTION TO TRANSFER TO THE SOUTHERN DISTRICT OF NEW YORK

Chris Paparella (*pro hac vice* forthcoming)
cpaparella@steptoe.com

Nathaniel J. Kritzer (*pro hac vice* forthcoming)
nkritzer@steptoe.com

Vishal Gupta (Bar No. 033522006)
vgupta@steptoe.com

**STEPTOE LLP**
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 506-3900
Facsimile: (212) 506-3950

*Attorneys for Defendants*
*NS Pharma, Inc. and*
*Nippon Shinyaku Co., Ltd.*

## TABLE OF CONTENTS

**Page**

**TABLE OF AUTHORITIES** ......................................................................................................**ii**

**I.    BACKGROUND** ................................................................................................................ **2**

**II.    TRANSFER TO THE SOUTHERN DISTRICT OF NEW YORK IS PROPER**....... **5**

   A.    The Parties' Agreement to Arbitrate in New York Has Controlling Weight ..................... **5**

   B.    All Other Factors Support Transfer ................................................................................. **7**

**III.    TRANSFER SHOULD BE RESOLVED BEFORE CAPRICOR'S INJUNCTION
MOTION** ................................................................................................................................... **9**

**CONCLUSION** ..................................................................................................................... **9**

## TABLE OF AUTHORITIES

**Page**

**Cases**

*Am. Fin. Res., Inc. v. Money Source, Inc.*,
No. 14-1651, 2014 WL 1705617 (D.N.J. Apr. 29, 2014) .......................................................... 9

*Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. Of Tex.*,
571 U.S. 49 (2013) ................................................................................................................ 1, 5

*Citizens Bank, N.A. v. Magleby*,
No. 24-4827, 2025 WL 33430 (S.D.N.Y. Jan. 6, 2025) ........................................................... 7

*Crow Contr. Co. v. Jeffrey M. Brown Assocs., Inc.*,
No. 01-3839, 2001 WL 1006721 (S.D.N.Y. Aug. 31, 2001) ..................................................... 7

*E.I. duPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*,
269 F.3d 187 (3d Cir. 2001) ..................................................................................................... 8

*Eastman v. First Data Corp.*,
No. 10-4860, 2011 WL 1327707 (D.N.J. Apr. 5, 2011) ........................................................... 8

*FCMA, LLC v. Fujifilm Rec. Media U.S.A., Inc.*,
No. 09-4053, 2010 WL 3076486 (D.N.J. Aug. 5, 2010) ........................................................... 8

*Ges Exposition Servs., Inc. v. Loc. 807 Lab.-Mgmt. Health Fund*,
No. 09-00876, 2009 WL 10706352 (D.N.J. July 24, 2009) ...................................................... 8

*HealthplanCRM, LLC v. AvMed, Inc.*,
458 F. Supp. 3d 308 (W.D. Pa. 2020) ...................................................................................... 9

*In re Laidlaw Sec. Litig.*,
No. 91-1289, 1991 WL 170837 (E.D. Pa. Aug. 27, 1991) ....................................................... 8

*In re McGraw-Hill Glob. Educ. Holdings LLC*,
909 F.3d 48 (3d Cir. 2018) ....................................................................................................... 5

*Johnson v. Ergon W. Va., Inc.*,
No. 14-453, 2015 WL 5286234 (W.D. Pa. Sept. 10, 2015) ...................................................... 6

*Jules v. Andre Balazs Props.*,
No. 25-83, 2026 WL 1336216 (U.S. May 14, 2026) ............................................................ 1, 6

*Leonettl's Frozen Foods, Inc. v. Crew, Inc.*,
140 F. Supp. 3d 388 (E.D. Pa. 2015) ....................................................................................... 8

*Optopics Lab'ys Corp. v. Nicholas*,
947 F. Supp. 817 (D.N.J. 1996) ............................................................................................... 6

*Ortiz v. Standard & Poor's*,
No. 09-5757, 2010 WL 4687879 (D.N.J. Nov. 10, 2010) ........................................................ 7

*Scherk v. Alberto-Culver Co.*,
417 U.S. 506 (1974) ............................................................................................................. 5, 6

*Silec Cable S.A.S. v. Alcoa Fjardaal SF*,
No. 12-01392, 2012 WL 5906535 (W.D. Pa. Nov. 26, 2012) .................................................. 9

*Sinclair Broad. Grp., Inc. v. Interep Nat'l Radio Sales, Inc.*,
No. 05-326, 2005 WL 1000086 (D. Md. Apr. 28, 2005) .......................................................... 6

*Stewart Org., Inc. v. Ricoh Corp*,
487 U.S. 22 (1988) ............................................................................................................... 1, 5

**Statutes**

28 U.S.C. § 1404(a) .................................................................................................................... 1

9 U.S.C. § 204 .......................................................................................................................... 1, 6

- iii -

**<u>Rules</u>**

Rules of Arbitration of the International Chamber of Commerce .......................................... 2, 3, 4

Defendants seek transfer of this action to the Southern District of New York pursuant to 28 U.S.C. § 1404(a) because Capricor's claims, and its preliminary injunction motion, arise out of a Distribution Agreement in which Capricor agreed to arbitrate such claims in New York City, under New York law.

Capricor's lawsuit and injunction motion are merely an improper effort to avoid its agreement to arbitrate. Indeed, Capricor does not seek an injunction to preserve the status quo; it seeks to upend the status quo by suspending the Distribution Agreement before any determination on the merits. Following transfer, Defendants will therefore move to compel Capricor to arbitrate.

Defendants have a pending arbitration on Capricor's claims within the Southern District of New York. Transferring this case to that venue for all matters concerning the arbitration, including preliminary relief and enforcement, comports with the parties' agreement and judicial economy. Paparella Decl., Ex. C. Transfer is supported by the Supreme Court's decisions in *Atlantic Marine Constr. Co., Inc. v. U.S. Dist. Ct. for W. Dist. Of Tex.*, 571 U.S. 49 (2013) and *Jules v. Andre Balazs Props*., No. 25-83, 2026 WL 1336216 (U.S. May 14, 2026).

The Court held in *Atlantic Marine* that "a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *Atlantic Marine*, 571 U.S. at 63 (quoting *Stewart Org., Inc. v. Ricoh Corp*, 487 U.S. 22, 33 (1988)). Capricor's agreement to arbitrate in New York City is a binding and enforceable choice of forum and Defendants are entitled to the forum they negotiated. Further, the Court held in *Jules* that a federal district court that has stayed claims and ordered arbitration retains jurisdiction over the arbitration and matters relating to it, including arbitrability and enforcement. *Jules*, 2026 WL 1336216 at *7; *see also* 9 U.S.C. § 204 (venue for a motion to stay litigation and compel arbitration is proper "in such court for the district

- 1 -

and division which embraces the place designated in the agreement as the place of arbitration if such place is within the United States.").

For these reasons, and as explained below, Defendants respectfully move this Court for an order granting transfer to the Southern District of New York.

## I.     BACKGROUND

### Capricor Agreed to Arbitrate the Disputes in this Action

Capricor's claims and preliminary injunction motion arise out of the Distribution Agreement under which Capricor appointed Defendant Nippon Shinyaku Co., Ltd. ("Nippon Shinyaku") as the exclusive U.S. distributor for a drug Capricor has developed called Deramiocel. Distrib. Agreement, ECF No. 1-2, § 4.1.1.  Nippon Shinyaku appointed its U.S. subsidiary, co-defendant NS Pharma, Inc. ("NS Pharma") as its sub-distributor, *id.*, § 4.2, and Capricor has sued both companies for breach of the Distribution Agreement.  Compl. ¶¶ 113–17.

The FDA has not approved Deramiocel.  While the FDA has indicated it will make a decision regarding approval on August 22, 2026, there is no way of knowing what the FDA will decide or even if it will decide on August 22.  Unless and until the FDA approves Deramiocel, Capricor cannot begin commercial manufacturing of the drug and Defendants cannot market or distribute it.

Capricor agreed in Section 18.3.1 of the Distribution Agreement that if it could not resolve disputes arising out of or related to the Distribution Agreement through executive negotiation (which Capricor has not attempted), it would arbitrate them in either New York or Los Angeles under the Rules of Arbitration of the International Chamber of Commerce ("ICC Rules").[1]  The

---

[1] Capricor agreed to resolve a limited class of disputes, not present here, through a form of binding arbitration termed "Expert Determination," also in New York.  Paparella Decl., Ex. A, § 18.3.2.

- 2 -

party that commences arbitration chooses whether to arbitrate in New York or Los Angeles. Here, Defendants have commenced arbitration in New York. Paparella Decl., Ex. C. Importantly, Capricor agreed that the arbitrators would resolve all disputes over whether claims are arbitrable. Paparella Decl., Ex. A, § 18.3.1. The Distribution Agreement provides it is governed by New York law. Paparella Decl., Ex. B, § 20.1.

Section 18.3.3 of the Distribution Agreement provides the parties can seek "injunctive or other equitable relief" from a court if necessary to prevent "serious and irreparable injury." Paparella Decl., Ex. A. Contrary to Capricor's allegations in its Complaint, Compl. ¶ 30, Section 18.3.3 is not an alternative to arbitration. Rather, it complements the parties' arbitration agreement by permitting a court to order provisional relief to maintain the status quo in an appropriate case. This principle is established by New York and federal common law and Article 28(2) of the ICC Rules that parties with an arbitration agreement can seek a preliminary injunction or other interim relief from a court without waiving their right to arbitration. *See* Paparella Decl., Ex. A.

**This Action Violates Capricor's Agreement to Arbitrate**

Capricor's claims in this case are based on its allegations that Defendants breached and repudiated the Distribution Agreement by failing to prepare properly for the distribution of Deramiocel and by seeking to negotiate a contract amendment clarifying the manner in which Deramiocel will be distributed if it is approved. Compl. ¶¶ 14, 83–89, 115. Capricor also contends that it can rescind the Distribution Agreement based on a pricing issue it admits was discovered well over a year ago. Compl. ¶¶ 12, 98–100. Based on these theories, Capricor seeks a judgment terminating the Distribution Agreement. Compl., Prayer for Relief (A).

Capricor's claims unquestionably arise from and are related to the Distribution Agreement. Thus, they are the type of claims Capricor agreed to arbitrate in Section 18.3.1.

- 3 -

Capricor's preliminary injunction motion also raises issues Capricor agreed to arbitrate. Capricor is not seeking an injunction to preserve the status quo during the arbitration as provided in Section 18.3.3 and the ICC Rules. Instead, Capricor seeks an injunction that would upend the status quo by terminating the Distribution Agreement before there is any final decision on the merits. That issue is arbitrable. The parties specifically agreed to arbitrate any dispute over an attempt by Capricor to terminate the agreement, subject only to an inapplicable carve-out for financial defaults. Distrib. Agreement, ECF No. 1-2, § 15.2.1(ii).

Moreover, Capricor agreed that arbitrators, not the Courts, would decide whether claims arising out of the Distribution Agreement were arbitrable. Specifically, Capricor agreed to arbitrate "any dispute arising out of or relating to this Agreement or its breach, termination or validity, *including whether the claims asserted are arbitrable*." Paparella Decl., Ex. A, § 18.3.1 (emphasis added).

For the avoidance of doubt, Defendants will show Capricor's allegations, claims, and preliminary injunction motion lack merit and are merely a pretext to escape the Distribution Agreement and distribute Deramiocel itself. Defendants have performed their obligations under the Distribution Agreement and will continue to do so. Among other things, Defendants have paid Capricor $50 million up front and have taken robust and costly measures to prepare to distribute Deramiocel if the FDA approves it. Those measures meet and exceed anything the Distribution Agreement requires of Defendants.

**The Proper Forum for Capricor's Claims is the Pending Arbitration in New York**

Promptly after being notified of this action, Defendants commenced ICC arbitration in New York pursuant to Section 18.3.1 of the Distribution Agreement. Paparella Decl., Ex. C. This arbitration is the only proper forum for Capricor's claims. As noted above, immediately upon

- 4 -

transfer, Defendants will move to stay Capricor's action and compel Capricor to arbitrate its claims in the pending arbitration.[2]

## II.    TRANSFER TO THE SOUTHERN DISTRICT OF NEW YORK IS PROPER

### A.    The Parties' Agreement to Arbitrate in New York Has Controlling Weight

Under 28 U.S.C. § 1404(a), "a district court may transfer a civil action to another district where the case might have been brought, or to which the parties have consented, for the convenience of the parties and witnesses and in the interest of justice." *In re McGraw-Hill Glob. Educ. Holdings LLC*, 909 F.3d 48, 57 (3d Cir. 2018). While ordinarily, a court considers the three factors enumerated in the statute, this is not the approach when, as here, the parties have a contractual forum selection clause that designates the forum sought by the transfer motion.

The Supreme Court held in *Atlantic Marine* that "because the overarching consideration under § 1404(a) is whether a transfer would promote 'the interest of justice,' 'a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases.'" *Atlantic Marine*, 571 U.S. at 63 (quoting *Stewart*, 487 U.S. at 33). The Court also held "a district court may consider arguments about public-interest factors only. Because those factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases. Although it is 'conceivable in a particular case' that the district court 'would refuse to transfer a case notwithstanding the counterweight of a forum-selection clause,' such cases will not be common." *Id.* at 64 (citations omitted).

The parties' agreement to arbitrate in New York is a forum selection clause. The Supreme Court held in *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 519 (1974) that an

---

[2] To the extent that this Court decides to retain jurisdiction, then Defendants will move this Court to compel arbitration.

arbitration agreement is a forum-selection clause. It "posits not only the situs of suit but also the procedure to be used in resolving the dispute." *Id*.

*Atlantic Marine* and *Scherk* fully support transfer of this case to the Southern District of New York. *See also Optopics Lab'ys Corp. v. Nicholas*, 947 F. Supp. 817, 826–27 (D.N.J. 1996) (granting motion to transfer where arbitration clause provided for arbitration in another district); *Sinclair Broad. Grp., Inc. v. Interep Nat'l Radio Sales, Inc.*, No. 05-326, 2005 WL 1000086, at *4 (D. Md. Apr. 28, 2005) (transferring case to Southern District of New York based in part on the parties' selection of New York as the arbitration forum); *Johnson v. Ergon W. Va., Inc.*, No. 14-453, 2015 WL 5286234, at *9 (W.D. Pa. Sept. 10, 2015) (transferring case to Southern District of Mississippi, the location specified in the contract for the commencement of arbitration).

Transfer to the Southern District of New York is also supported by the Supreme Court's recent decision in *Jules* in which the Court held that a federal court that has stayed claims and ordered arbitration retains jurisdiction to confirm or vacate a resulting arbitral award on such claims, *Jules*, 2026 WL 1336216 at *7, and by 9 U.S.C. § 204, which provides that venue for a motion to stay litigation and compel arbitration is proper "in such court for the district and division which embraces the place designated in the agreement as the place of arbitration if such place is within the United States."

In summary, transfer to the Southern District of New York would mean the parties would get exactly what they bargained for by agreeing to arbitrate in the Southern District of New York. Their arbitration will be supervised by a local court, which would facilitate more efficient resolution of ancillary disputes and enforcement of any award. *See Jules*, 2026 WL 1336216 at *9 (rejecting an "unnecessarily complex dual-track litigation" approach); *Citizens Bank, N.A. v.*

- 6 -

*Magleby*, No. 24-4827, 2025 WL 33430, at *2 (S.D.N.Y. Jan. 6, 2025) ("Second Circuit courts 'have generally found that the interests of justice and the convenience of all involved are best served by having the action heard in the forum where the arbitration took place.'") (quoting *Crow Contr. Co. v. Jeffrey M. Brown Assocs., Inc.*, No. 01-3839, 2001 WL 1006721, at *2 (S.D.N.Y. Aug. 31, 2001)).

### B.    All Other Factors Support Transfer

This case is not the exceptional case the Supreme Court hypothesized in *Atlantic Marine*. All relevant factors weigh in favor of transfer.

New York has a strong interest in applying its own law, which Capricor agreed to in the Distribution Agreement, and there is no reason to apply New Jersey law given the parties' agreement. *See Ortiz v. Standard & Poor's*, No. 09-5757, 2010 WL 4687879, at *3 (D.N.J. Nov. 10, 2010) (holding transfer as appropriate because "the local interest that New York has, and its ability to apply its own law to the controversy, favor transfer in the interest of justice."). The courts of the Southern District are well positioned to adjudicate contractual disputes and the enforcement of arbitration agreements seated in New York, and routinely interpret and apply New York commercial and arbitration law.

There is no indication that any material witness is uniquely tied to New Jersey such that litigating in the Southern District of New York would impose any meaningful inconvenience. Capricor is a publicly traded Delaware corporation with its principal place of business in San Diego, California. Nippon Shinyaku is a publicly traded Japanese company with its principal place of business in Kyoto, Japan. NS Pharma does have its principal place of business in New Jersey, but it wants to arbitrate in New York, and its office is roughly equidistant to the federal courthouses in Manhattan and Newark. NS Pharma is a co-claimant with Nippon Shinyaku in the pending ICC arbitration in New York, it joins in this motion, and it will join in the motion to

compel arbitration.  *See* Paparella Decl., Ex. C; *see also FCMA, LLC v. Fujifilm Rec. Media U.S.A., Inc.*, No. 09-4053, 2010 WL 3076486, at \*6 (D.N.J. Aug. 5, 2010) ("the Third Circuit has 'bound a signatory to arbitrate with a non-signatory at the non[-]signatory's insistence because of the close relationship between the entities involved[.]'") (quoting *E.I. duPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S.*, 269 F.3d 187, 199–200 (3d Cir. 2001)).

Documentary evidence is overwhelmingly maintained electronically and can be accessed from either forum with equal ease.  *See Eastman v. First Data Corp*., No. 10-4860, 2011 WL 1327707, at \*4 (D.N.J. Apr. 5, 2011) ("There is no reason to believe that important witnesses or documents could not be produced in one forum or the other. And in any event, 'when documents can be transported and/or easily photocopied, their location is entitled to little weight.'") (quoting *In re Laidlaw Sec. Litig.*, No. 91-1289, 1991 WL 170837, at \*2 (E.D. Pa. Aug. 27, 1991)); *see also Leonettl's Frozen Foods, Inc. v. Crew, Inc.*, 140 F. Supp. 3d 388, 394 (E.D. Pa. 2015) ("The location of books and records, particularly in this electronic age, is not dispositive as the records can be produced and transferred with ease from either venue.").  There is no indication that any material records are uniquely located in New Jersey or that transfer to the Southern District of New York would create any logistical burden with respect to document access or production.

The District of New Jersey and the Southern District of New York are geographically adjacent forums.  Courts have repeatedly recognized that transfer between the two districts imposes little, if any, additional burden on the parties or witnesses.  *See Ges Exposition Servs., Inc. v. Loc. 807 Lab.-Mgmt. Health Fund*, No. 09-00876, 2009 WL 10706352, at \*3 n.4 (D.N.J. July 24, 2009) ("[T]his Court has previously allowed transfers of venue between the District Court of New Jersey and the Southern District of New York when the interests of justice so dictate.").

- 8 -

### III.    TRANSFER SHOULD BE RESOLVED BEFORE CAPRICOR'S INJUNCTION MOTION

Courts have broad discretion to determine questions of venue as a threshold matter before reaching the merits of the parties' substantive disputes. *See Am. Fin. Res., Inc. v. Money Source, Inc.*, No. 14-1651, 2014 WL 1705617, at \*6 (D.N.J. Apr. 29, 2014).  Exercise of that discretion here is appropriate because Capricor agreed to arbitrate in New York and there is a pending arbitration in New York on Capricor's claims.

Courts have consistently recognized that, by "agreeing to arbitrate in a particular forum, parties 'impliedly consen[t] to the jurisdiction of courts in that location *for litigation of matters arising out of the arbitration* given that those courts have jurisdiction under the FAA . . . to compel arbitration.'"  *See HealthplanCRM, LLC v. AvMed, Inc.*, 458 F. Supp. 3d 308, 319 (W.D. Pa. 2020) (quoting *Silec Cable S.A.S. v. Alcoa Fjardaal SF*, No. 12-01392, 2012 WL 5906535, at \*11 (W.D. Pa. Nov. 26, 2012)) (emphasis added).

### CONCLUSION

For all the foregoing reasons, Defendants respectfully request that their Motion to Transfer Venue be granted.

DATED:  May 25, 2026

**STEPTOE LLP**

By: *s/ Vishal Gupta*
Vishal Gupta (Bar No. 033522006)
vgupta@steptoe.com

Chris Paparella (*pro hac vice* forthcoming)
cpaparella@steptoe.com

Nathaniel J. Kritzer (*pro hac vice* forthcoming)
nkritzer@steptoe.com

**STEPTOE LLP**
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 506-3900
Facsimile: (212) 506-3950

*Attorneys for Defendants*
*NS Pharma, Inc. and*
*Nippon Shinyaku Co., Ltd.*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on May 25, 2026 the foregoing document was filed electronically using the CM/ECF system which will automatically deliver notice of the filing to all counsel of record in this lawsuit.

By: *s/ Vishal Gupta*
Vishal Gupta (Bar No. 033522006)
vgupta@steptoe.com

Chris Paparella (*pro hac vice* forthcoming)
cpaparella@steptoe.com

Nathaniel J. Kritzer (*pro hac vice* forthcoming)
nkritzer@steptoe.com

**STEPTOE LLP**
1114 Avenue of the Americas
New York, NY 10036
Telephone: (212) 506-3900
Facsimile: (212) 506-3950

*Attorneys for Defendants*
*NS Pharma, Inc. and*
*Nippon Shinyaku Co., Ltd.*