**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| CAPRICOR THERAPUTICS, INC., | Civil Action No. 26-5788 (JXN)(AME) |
| Plaintiff, | |
| v. | **MEMORANDUM ORDER** |
| NS PHARMA, INC. and NIPPON SHINYAKU CO., LTD., | |
| Defendants. | |

**NEALS**, District Judge

Before the Court is Plaintiff Capricor Therapeutics, Inc.'s ("Plaintiff") application for an order to show cause ("OTSC") why this action should not be remanded and for attorneys' fees. (*See* OTSC Appl., ECF No. 18.)

Plaintiff requests an expedited briefing schedule under Local Civil Rule 65.1 because: (1) prior to removal, the Chancery Division judge scheduled a hearing on Plaintiff's preliminary injunction motion for June 3, 2026—twelve days before Defendants removed to this Court; (2) because the Food and Drug Administration ("FDA") may approve the sale of the drug at the center of this litigation on August 22, 2026, or earlier, the parties need clarity to prepare to distribute and sell that drug; and (3) any delay in the distribution of the drug will harm those who need it. (*Id.* at 21–23.) Defendants NS Pharma, Inc. and Nippon Shinyaku Co., Ltd. ("Defendants") oppose the request, arguing the Court should address Plaintiff's request to remand in the ordinary course. (*See* Defs.' Opp'n, ECF No. 21.)

The Court has carefully considered the parties' submissions and decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1.

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution and statute . . . ." *Id.* Federal courts, accordingly, have an independent and "continuing obligation to assess subject matter jurisdiction *sua sponte* at all stages of the proceeding, even when parties do not raise the issue." *Peace Church Risk Retention Grp. v. Johnson Controls Fire Prot. LP*, 49 F.4th 866, 869 (3d Cir. 2022); *see also Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Moreover, the Court has the inherent, discretionary power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).

Having reviewed the parties' submissions, the Court concludes that, to satisfy its continuing independent obligation to assure itself of subject matter jurisdiction; to prevent further disruption of pending state court proceedings; and in the interests of judicial economy and efficient case management,

**IT IS** on this **1st** day of June 2026

**ORDERED** that:

1. Plaintiff's proposed briefing schedule on the OTSC (*see* ECF No. 19-8) is **GRANTED**;

2. Defendants shall file and serve any opposition to the Application on or before Monday, June 8, 2026;

3. Plaintiff shall file and serve any reply on or before Thursday, June 11, 2026.

4.  Should the Court require oral argument on the OTSC, it shall take place on Wednesday, June 17, 2026, at 10:30 AM via Microsoft Teams.

_____
**JULIEN XAVIER NEALS**
**United States District Judge**

3