**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CAPRICOR THERAPEUTICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> NS PHARMA, INC. and NIPPON SHINYAKU CO., LTD., <br><br> Defendants. | Civil Action No. 26-5788 (JXN)(AME) <br><br><br> **OPINION** |

**NEALS**, District Judge

Before the Court is Plaintiff Capricor Therapeutics, Inc.'s ("Capricor") motion to remand a pharmaceutical contract dispute back to New Jersey state court. (ECF No. 18.) Capricor entered a contract ("Distribution Agreement") granting Defendants Nippon Shinyaku Co., Ltd. ("Nippon Shinyaku") and NS Pharma, Inc. ("NS Pharma") (collectively, "Defendants") the exclusive right to distribute a drug ("Drug"). The Distribution Agreement had an arbitration clause. Capricor sued to rescind the Distribution Agreement and allow Capricor to distribute the Drug itself.

Defendants removed this case under Chapter 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 201–08, which implements the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"). Capricor moved to remand. (ECF No. 18.) Defendants opposed (ECF No. 25) and Capricor replied (ECF No. 26). The Court held oral argument on June 17, 2026. The Court has carefully considered the parties' submissions and arguments. For the reasons set forth below, Capricor's motion to remand is **GRANTED**.

## I.    BACKGROUND

### A.    Statement of Facts

Capricor, a Delaware biotechnology company, makes a Drug to treat a rare form of muscular dystrophy. (*See* Compl. ¶¶ 2, 5, 23, ECF No. 1-1.) The Drug is awaiting Food and Drug Administration ("FDA") approval. (*Id.* ¶ 32.) In anticipation of the Drug's launch, Capricor entered a Distribution Agreement with Nippon Shinyaku, a Japanese pharmaceutical company, and its subsidiary, NS Pharma, a New Jersey-based Delaware corporation. (*Id.* ¶¶ 8, 24–25.)

The Distribution Agreement granted Defendants the exclusive right to distribute the Drug in the United States. (*Id.* ¶ 8.) Relevant here, the Distribution Agreement has an Arbitration Clause. The Arbitration Clause states that:

> any matter submitted to arbitration pursuant to any provision contained in this Agreement or any dispute arising out of or relating to this Agreement or its breach, termination or validity, including whether the claims asserted are arbitrable, . . . shall be settled by binding arbitration under the Rules of Arbitration of the International Chamber of Commerce ("ICC Rules") . . . .

(*See* Distrib. Agreement art. 18.3.1(a), ECF No. 1-2.) The Arbitration Clause, however, also specifies that:

> Nothing contained in this Article 18 shall prevent either Party from resorting to judicial process if injunctive or other equitable relief from a court is necessary to prevent serious and irreparable injury to one Party or to others. The use of arbitration procedures will not be construed under the doctrine of laches, waiver or estoppel to affect adversely either Party's right to assert any claim or defense.

(*Id.* art. 18.3.3.)

### B.    Procedural History

On May 7, 2026, Capricor filed a verified complaint against Defendants in New Jersey Superior Court, Chancery Division to (1) rescind the Distribution Agreement and (2) enjoin Defendants from interfering with Capricor's efforts to distribute the Drug itself; or, in the alternative, (3) declare that Capricor has the right to distribute the Drug. (*See* Compl.)

The Chancery Judge scheduled a preliminary injunction hearing on June 3, 2026. (*See* Pl.'s Moving Br. at 9, ECF No. 18.) On May 20, 2026, however, Defendants removed the action to this Court. (*See* Notice of Removal, ECF No. 1.)

In their Notice of Removal, Defendants assert that the Court has subject matter jurisdiction through 9 U.S.C. § 203 and removal jurisdiction through 9 U.S.C. § 205. (*Id.*) Under 9 U.S.C. § 202,

> An arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title, falls under the [Convention].

And, according to 9 U.S.C. § 203,

> An action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States . . . shall have original jurisdiction over such an action or proceeding, regardless of the amount in controversy.

9 U.S.C. § 205 directs that:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal.

Taken together, Defendants argue that the Court has subject matter jurisdiction because the Distribution Agreement is an arbitration agreement falling under the Convention.

Capricor moved to remand on May 29, 2026, requested the Court hear the matter on an expedited basis, and sought oral argument. (*See* Pl.'s Moving Br.) The Court granted the expedited briefing schedule and scheduled oral argument. (*See* Mem. & Order, ECF No. 22.)

Capricor argues that the Court lacks subject matter jurisdiction because courts within this Circuit have repeatedly held that § 203 confers subject matter jurisdiction over only actions to compel arbitration or enforce an arbitration award. (Pl.'s Moving Br. at 13–16.) But, as Capricor notes, the complaint neither sought to compel arbitration nor enforce an arbitration award. (*Id.* at 13.) Capricor asserts that § 205 does not provide an independent basis for removal. (*Id.* at 14–16.) Further, Capricor states that this lawsuit falls within the Distribution Agreement's arbitration carveout for injunctive relief, and is therefore not subject to arbitration. (*Id.* at 16–18.) Capricor also moves for attorneys' fees. (*Id.* at 18–23.) Defendants opposed (Defs.' Opp'n, ECF No. 25), and Capricor replied (Capricor Reply, ECF No. 26). Shortly before filing opposition to the motion to remand, however, Defendants filed a motion to compel arbitration. (*See* Mot. to Compel, ECF No. 23.) The Court held oral argument on June 17, 2026.

## II.    <u>LEGAL STANDARD</u>

"When a plaintiff moves for a remand to state court, the removing party must show removal was proper." *Verdone v. Rice & Rice, PC*, 724 F. Supp. 3d 366, 379 (D.N.J. 2024). The Court strictly construes removal statutes "against removal" and resolves all doubts in favor of remand. *Id.* (citations omitted). And the Court assumes as true "all factual allegations of the complaint." *Id.* (quoting *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987)).

## III.    <u>DISCUSSION</u>

### A.    **§ 203 Does Not Confer Subject Matter Jurisdiction**

#### i.    *§ 203 Only Grants Jurisdiction to Compel Arbitration or Enforce an Award*

Federal courts have limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). They "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). One such statute is 28

U.S.C. § 1331, which empowers federal courts to hear "all civil actions arising under the Constitution, laws, or treaties of the United States."

Under 9 U.S.C. § 203, "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States." While § 202 defines an *agreement* falling under the convention, the remainder of the Federal Arbitration Act ("FAA") does not define an "*action or proceeding* falling under the Convention." *See* 9 U.S.C. §§ 1–401. That said, § 206 empowers courts to "direct that arbitration be held in accordance with the agreement," while § 207 permits courts to enter "an order confirming the award." Accordingly, both the Supreme Court and Third Circuit have (albeit indirectly) noted that § 203 grants courts jurisdiction to compel arbitration or enforce an arbitration award. *Vaden v. Discover Bank*, 556 U.S. 49, 59 n.9 (2009) ("Chapter 2 of the FAA, not implicated here, does expressly grant federal courts jurisdiction to hear actions seeking to enforce an agreement or award falling under the [Convention]."); *Century Indem. Co. v. Certain Underwriters at Lloyd's*, 584 F.3d 513, 523 (3d Cir. 2009) ("The FAA empowers district courts to compel arbitration in accordance with agreements, 9 U.S.C. § 206, and to enforce awards, 9 U.S.C. § 207, falling within the . . . Convention.").

Several courts within this Circuit have similarly concluded that § 203 confers subject matter jurisdiction *only* to (1) compel arbitration pursuant to § 206; or (2) enforce an arbitration award pursuant to § 207. *See SGP USA LLC v. AM Sailing Purchaser LLC*, No. 26-257, 2026 WL 788669, at *3–7 (D. Del. Mar. 20, 2026); *Landbridge Port Servs. (Hong Kong) Ltd v. Notarc Port Inv. LLC*, No. 24-254, 2024 WL 1299685, at *2–4 (D. Del. Mar. 27, 2024) ("[T]he Court has reviewed the language of the FAA and the . . . Convention and sees no language granting the Court authority to enjoin a foreign arbitration."); *URS Corp. v. Lebanese Co. for Dev.*, 512 F. Supp. 2d 199, 206–08 (D. Del. 2007) ("[I]t is apparent that making a judicial determination on arbitrability,

prior to an action seeking recognition or enforcement of an award, is inconsistent with the purposes of the FAA and the . . . Convention.").

The Court finds this view persuasive. Courts cannot "construe federal jurisdictional statutes more expansively than their language, most fairly read, requires." *Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 578 U.S. 374, 389 (2016). And Congress "says what it means and means what it says." *Oklahoma v. Castro-Huerta*, 597 U.S. 629, 642 (2022) (citation omitted). Here, § 202 defines certain *agreements* as falling under the Convention. But § 203 confers jurisdiction over *actions* falling under the Convention. If an agreement and an action meant the same thing, or if Congress intended for an action to mean "any action involving an agreement falling under the Convention," it would have said so. It did not.

Rather, the structure of Chapter 2 specifies that courts can compel arbitration under § 206 or enforce an award under § 207. And the purpose of the Convention was to "encourage the recognition and enforcement of commercial arbitration agreements in international contracts and to unify the standards by which agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n.15 (1974). Taken together, the most natural, consistent reading of § 203 is that an action means an action to compel arbitration under § 206 or to enforce an award under § 207. *See Landbridge*, 2024 WL 1299685, at *3 ("The Third Circuit has indirectly expressed the view that § 203 provides only limited jurisdiction in cases with actions to compel arbitration or enforce arbitral awards.").

The Court must determine whether subject matter jurisdiction existed "[a]t the time the petition for removal is filed." *Westmoreland Hosp. Ass'n v. Blue Cross of W. Pa.*, 605 F.2d 119,

6

123 (3d Cir. 1979).[1] Because, at time Defendants removed, they neither moved to enforce the arbitration provision in the Distribution Agreement, nor sought to enforce an arbitration award, the Court lacks subject matter jurisdiction.[2]

### ii.    Even If Broadly Read, This Action Does Not Fall Under § 203

Accepting Defendants' broad reading of § 203 does not compel a different conclusion because this action does not arise out of the Distribution Agreement's Arbitration Clause. The Arbitration Clause states that:

> any matter submitted to arbitration pursuant to any provision contained in this Agreement or any dispute arising out of or relating to this Agreement or its breach, termination or validity, including whether the claims asserted are arbitrable, . . . shall be settled by binding arbitration under the Rules of Arbitration of the International Chamber of Commerce ("ICC Rules") . . . .

(*See* Distrib. Agreement art. 18.3.1(a).) But the Arbitration Clause provides:

> Nothing . . . shall prevent either Party from resorting to judicial process if injunctive or other equitable relief from a court is necessary to prevent serious and irreparable

---

[1] At oral argument, Defendants argued that the Court may determine whether subject matter jurisdiction exists after the time of removal, citing *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22 (2025). And, because Defendants moved to compel arbitration after removing, they argue the Court has jurisdiction. Both arguments miss the mark.

To start, *Royal Canin* did not rewrite the well-established rules of subject matter jurisdiction. Rather, *Royal Canin* recited the uncontroversial proposition that the plaintiff is "the master of the complaint," whose "control over those matters extends beyond the time her first complaint is filed." 604 U.S. at 35. And, just as "eliminating federal claims in such a suit can destroy federal jurisdiction, . . . . [a]dding federal claims can create federal jurisdiction where it once was wanting." *Id.* at 36. But that is within *the plaintiff's* control; not, as in this case, the *defendant's*. *See Hain Celestial Grp., Inc. v. Palmquist*, 607 U.S. 421, 433 (2026) ("The identity of the party asking for the dismissal is important because '[t]he plaintiff is "the master of the complaint,"' and generally has the right to choose whether to proceed in federal or state court." (quoting *Royal Canin*, 604 U.S. at 35)). Because Capricor has done nothing to confer jurisdiction after removal, the Court looks to subject matter jurisdiction as it was at the time of removal.

Next, Defendants' motion to compel arbitration does not create subject matter jurisdiction. "[N]o action of the parties can confer subject-matter jurisdiction upon a federal court." *Ins. Corp. of Ir. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). Moreover, 9 U.S.C. § 203 expands the Court's federal question jurisdiction. Federal question jurisdiction "exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Federal question jurisdiction cannot arise from a defense or a counterclaim. *See id.* at 392–93. That includes a *post-removal* motion to compel arbitration.

[2] Defendants argue that in *Suter v. Munich Reinsurance Co.*, 223 F.3d 150 (3d Cir. 2000), the Third Circuit construed §§ 203 and 205 broadly enough to encompass this action. Not so. *Suter* did not interpret § 203. That case considered only whether a party could waive its right to remove under § 205. *Id.* at 158 (holding "that there can be no waiver of a right to remove under the Convention Act in the absence of clear and unambiguous language requiring such a waiver.").

injury to one Party or to others. The use of arbitration procedures will not be construed under the doctrine of laches, waiver or estoppel to affect adversely either Party's right to assert any claim or defense.

(*Id.* art. 18.3.3.)

This action is plainly a "resort[] to judicial process" for "injunctive or other equitable relief from a court . . .  to prevent serious and irreparable injury to one Party or to others." (*Id.*) This matter, accordingly, falls *outside* the Arbitration Clause. Therefore, even if the Court adopted Defendants' expansive view of § 203, which it does not, § 203 would nonetheless not confer subject matter jurisdiction over this action.

## B.      § 205 Does Not Confer Subject Matter Jurisdiction

9 U.S.C. § 205 directs that:

Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal.

Defendants argue that, independently or when read in connection with § 203, § 205 confers broad subject matter jurisdiction over actions involving foreign arbitration agreements. (Defs.' Opp'n at 14–19.)

The Court disagrees. Subject matter jurisdiction is distinct from removal jurisdiction. Subject matter jurisdiction "defines the court's authority to hear a given type of case." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (quoting *United States v. Morton*, 467 U.S. 822, 828 (1984)). Removal jurisdiction "is a *means* of bringing cases within federal courts' original jurisdiction into those courts." *Cofield v. U.S. Dep't of Justice*, No. 15-558, 2018 WL 2317528, at *6 (D.N.J. May 22, 2018) (citation omitted). "Thus, the absence of language in § 205 explicitly

8

conferring subject matter jurisdiction strongly supports a finding that § 205 does not confer subject matter jurisdiction." *Landbridge*, 2024 WL 1299685, at *3. Moreover, "it would be peculiar for Congress to plainly grant narrow original jurisdiction in § 203, but to disguise a grant of broad jurisdiction to removed cases in § 205." Because § 205 creates *removal* jurisdiction, not *subject matter* jurisdiction, § 205 does not empower the Court to hear this case.

### C.    No Other Statute Confers Subject Matter Jurisdiction

This is a state law breach of contract claim, meaning the Court cannot exercise federal question jurisdiction over this action. *See* 28 U.S.C. § 1331. And, because Capricor and NS Pharma are both Delaware corporations, the Court cannot hear this action in diversity. *See* 28 U.S.C. § 1332(a).

### D.    Attorneys' Fees Are Unwarranted

Capricor requests attorneys' fees, which the Court denies. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). The Court has discretion "to consider whether unusual circumstances" exist. *Id.* Having reviewed the parties' briefs and oral arguments, the Court concludes Defendants had a colorable basis for removal. Accordingly, unusual circumstances did not exist and a fee award is unwarranted.

IV.     **CONCLUSION**

For the foregoing reasons, Capricor's motion to remand (ECF No. 18) is **GRANTED**. An appropriate Order accompanies this Opinion.

**DATED:** 6/17/2026

**JULIEN XAVIER NEALS**
**United States District Judge**